840 So.2d 457 (2003)
M & E DISTRIBUTORS, INC. and Mark Martone, Appellants,
v.
Gary WORLEY and GMW, Inc. d/b/a Worley's Wonder, Appellees.
No. 4D02-2634.
District Court of Appeal of Florida, Fourth District.
March 26, 2003.
*458 Stephen B. Rosenthal of Law Offices of Stephen B. Rosenthal, Tamarac, for appellants.
Robert A. Plafsky of Robert A. Plafsky, P.A., Fort Lauderdale, for appellees.
OWEN, WILLIAM C., Jr., Senior Judge.
Appellants, M & E Distributors, Inc. (M & E) and Mark Martone, seek review of a non-final order temporarily enjoining them from using the name "Worley's Wonder" in marketing a liquid jewelry and glass cleaner. We affirm.
In 1986 appellee, Gary Worley (Worley), purchased the formula for a liquid jewelry and glass cleaner. He began making the cleaner with a distinctive lavender color, designed the bottle and labeling to be used, and developed the common law trade names and trademarks of "Worley's Wonder" and "Worley's Wonder Jewelry and Glass Cleaner." Since that time he and, after incorporating his business, his corporate successors[1] have continuously used the trade names and trademark in marketing the cleaner. Worley uses distributors to sell the product at malls, flea markets, and on the internet.
From 1992 until April, 2000, M & E[2] was a distributor for Worley's Wonder. As a distributor, M & E was authorized to use the name Worley's Wonder in its marketing, sales, advertising, and promotion of Worley's product. In April 2000, M & E stopped purchasing Worley's product and began producing and selling its own cleaner under the label "Worley's Wonder Presents Best Solution." That product utilized the same distinctive color, shaped bottle, and label appearance as Worley's cleaner. M & E sells its cleaner at flea markets and malls and through a website, http://www.worleyswonder.com.
After this litigation between the parties began[3], Worley applied for a temporary injunction to prohibit M & E's continued use of the name Worley's Wonder in its marketing. Following an evidentiary hearing, the court found that (1) plaintiffs had used the name Worley's Wonder for a substantial period of years before defendants began to use the name with actual knowledge of plaintiffs' prior use; (2) defendants' products were so similar to plaintiffs' products as to create customer confusion; (3) by marketing and labeling their products as "Worley's Wonder Presents," defendants were falsely implying that their products have something to do with Worley's Wonder; (4) defendants intentionally duplicated plaintiffs' trademark or common law trademark; and (5) plaintiffs had demonstrated the likelihood of irreparable harm and a clear legal right to a temporary mandatory injunction. The court ordered the defendants to cease and desist using the name Worley's Wonder in marketing and labeling their cleaner, to remove from the market their products bearing the name Worley's Wonder and *459 Worley's Wonder Presents Best Solution[4], and to refrain from further use of the website http://www.worleyswonder.com.
M & E first argues the order is legally insufficient because it does not include any specific findings of irreparable harm, an inadequate remedy at law, or that an injunction would serve the public interest. We conclude that the court's findings, as enumerated in the order and supported in the record by competent, substantial evidence, are sufficient. The court specifically found there was such similarity between defendants' products and plaintiffs' as to create customer confusion. In cases of unfair competition and trademark infringement, such as this one, where the court finds there is a likelihood of consumer confusion, irreparable harm and an inadequate remedy at law can be presumed. See Callaway Golf Co. v. Golf Clean, Inc., 915 F.Supp. 1206, 1215 (M.D.Fla.1995)("In trademark infringement cases, irreparable harm is presumed"); Laboratorios Roldan, C. por A. v. Tex Int'l, Inc., 902 F.Supp. 1555, 1571 (S.D.Fla.1995) (granting a temporary injunction for unfair competition and trademark infringement, recognizing that the likelihood of confusion constitutes irreparable injury as a matter of law);. Stagg Shop of Miami, Inc. v. Moss, 120 So.2d 39, 40-41 (Fla. 2d DCA 1960)(monetary damages an insufficient remedy for trademark infringement). Likewise, where there is likelihood of consumer confusion, enjoining the trademark infringement will protect the public interest. In Laboratorios Roldan, the court observed:
The public is entitled to be free from deception and confusion. "In a trademark infringement or unfair competition case, a third party, the consuming public, is present and its interests are paramount." BellSouth, 792 F.Supp. at 785. Injunctive relief will serve the public interest by immediately stopping Defendants' deception of consumers. Id. see also Teledyne Indus., Inc. v. Windmere Prods., Inc., 433 F.Supp. 710, 740 (S.D.Fla.1977) ("customer confusion is by its very nature against the public interest").
902 F.Supp. at 1571.
M & E next argues that the temporary injunction in this case is impermissibly overbroad because all that was necessary in order to maintain the status quo was to prevent the parties from competing with each other in the same geographical area. While M & E contends it sells its products in different geographical locations than does Worley, the evidence established that M & E sells its products on the internet in direct competition with Worley's distributors who likewise sell on the internet. We can take judicial notice that selling on the internet simply does not have geographical boundaries. Appellants have not shown that the injunction is overbroad.
M & E's final pointthat Worley did not demonstrate a clear legal right to an injunctionmerely argues the insufficiency of the evidence to support the trial court's finding to the contrary. Because there is competent, substantial evidence to support the trial court's factual finding on this issue, we will not disturb it.
AFFIRMED.
POLEN, C.J., and GUNTHER, J., concur.
NOTES
[1] In 1992 Gary Worley incorporated his business as Worley's Wonder, Inc., changing the name in 1995 to GMW, Inc. No issue is made here of Mr. Worley's standing; thus, for simplicity appellees are collectively referred to as "Worley."
[2] Mr. Mark Martone, a defendant/appellant, is apparently a principal in M & E. In the briefs and in testimony the parties treat him and the corporation as a single entity; thus for simplicity appellants are collectively referred to as "M & E".
[3] The litigation between the parties involves numerous claims and counter-claims. Only the court's order granting Worley's application for temporary injunction is before us.
[4] The only "mandatory" feature of the temporary injunction was the requirement that M & E remove from the market its product containing the name Worley's Wonder in order to restore the status quo.